### HUBBARD ET AL., CREDITORS OF CHARLES HINKLY, DECEASED, v. JARED HINKLEY, EXECUTOR OF SAID CHARLES.

Where a man dies in this state leaving an interest and an executor, and also real property lying in another state, the administration account respecting the property there cannot be allowed by the judge of probate here, against the interest in this state.

APPEAL from the judgment of the Court of Probate in the settlement of said executor's account for the following reasons, 1st. Because said executor is allowed a large sum for repairs upon the buildings, etc. of the deceased, and is charged nothing for the rents and profits of the estate while

he had the improvement of it for the space of about four years. 2d. Because he is allowed a large sum for expenses in and about groundless law suits. 3d. Because he is allowed the sum of £158 12s. 10d. lawful money for services and expenses, as administrator on the estate of said Charles in the districts of Thetford and Hartford in the state of Vermont, in selling lands lying in said districts, under the orders of the Courts of Probate there; which lands worth £1,800 he sold for £65 6s. only, with intent to defraud said creditors; which account of his administration ought not to have been brought and allowed against the estate of said Charles by the Court of Probate in the district of Windham in this state. 4th. Because said executor has allowed nothing for the use of the stock of cattle, the increase, nor for the use of other personal property. 5th. That said estate was inventoried at more than £4,000 lawful money, which after four years' possession and improvement without account he sold for £1,296 9s. lawful money only, out of which is allowed £464 6s. 11d. to the executor for his services and expenses, when the use and improvement of said estate taken by said executor, without accounting for them, exceed the whole amount of his services and expenses.

Appellee replied to the reasons of the appellants aforesaid and said that they are not true. Issue to the court.

The court gave the following judgment, viz. In this case the court find that the judge of probate did not make the said Jared account for the rents and profits of the real estate of said Charles, from the time of his accepting the office and trust of executor aforesaid, and while said estate was in the hands and possession of the heirs of said Charles, until it was represented insolvent; and that the judge of probate did allow the said Jared £158 12s. 10d. lawful money for moneys by him expended and services done as administrator on the estate of said Charles in the two districts of Hartford and Thetford, both in the state of Vermont, out of the jurisdiction of this state, which estate of said Charles consisted of lands; that said

Jared took two letters of administration, one from the court in each district, and sold the real estate of said Charles lying in said state of Vermont according to the laws of that state, for the sum of £65 6s. only, and said Jared's administration account aforesaid exceeded the sum said real estate was sold for the sum of £93 6s. 10d., and the same was allowed to him in his account as executor, in the settlement of said estate.

And the court further find that the Court of Probate did allow to the said Jared in the whole, the sum of £464 6s. 11d., including said sum of £93 6s. 10d., the balance of his administrator account in the state of Vermont — Which facts the court find are true:· But on consideration thereof are of opinion that they are insufficient reasons for which to set aside the said orders and judgment of said Court of Probate.

And as to all the rest and remainder of the facts set up and alleged in the reasons of the appellants exhibited to this court, they are not supported by evidence and the court find them not to be true. It is thereupon considered that the doings, orders and judgments of the Court of Probate be and they are hereby affirmed.

From this determination of the court with respect to allowing the administration account for the sale of lands in the state of Vermont, Judge ADAMS dissented; and ROOT having heretofore been attorney in the cause excused himself from judging.

The judgment of the Superior Court was reversed upon a writ of error, in the Supreme Court of Errors, in May, A. D. 1793, for the following reasons, viz:

First — The act of allowing an administration account is the proper official act of the judge of probate, or other officer who grants administration; the administrator is related to the judge as his agent, minister or substitute, to transact the business committed to him under his immediate inspection on account of that relation. The judge is every way qualified to decide with integrity and justice on his accounts, but the

judge of probate has no authority as judge to allow the accounts of any other person whatever against the estate of a deceased person.

The administrator in the present case, is a stranger to the judge of probate for the district of Windham; nor has the judge any power to inspect, order or control the said administrator as his minister or agent, but he is accountable to the judges that appointed him, and they alone have authority to allow his accounts. The administration being committed to the executor in this case makes no difference, for the trusts are as perfectly distinct as if they had been placed in different persons, and consequently the accounts of Jared Hinkly as administrator, cannot be considered nor treated as the accounts of Jared Hinkly as executor, in which character alone is he related to the judge of probate for Windham district.

It will be admitted that if one administrator can charge another administrator, or an executor on the same estate in a different jurisdiction, with any part of his administration account being allowed by the judge who appointed him, then such executor or administrator so charged, might voluntarily take such charge upon himself; or in the present case, Jared Hinkly as executor in the jurisdiction of Connecticut might take upon himself the charge of Jared Hinkly as administrator in the jurisdiction of Vermont, and the judge of probate for the district of Windham might in that case allow the same to the executor's credit, but the principle that such a charge can be supported cannot be admitted. For such administrator or such executor and administrator in different jurisdictions, if they can be created by law, and can exist at the same time, are wholly independent of each other, nor is there any privity between them, that can create a liability in the one to the other: Nor is there either precedent, or example, that can be produced, it is believed, in proof of the point that one representative of a deceased person can maintain an action against another co-existing representative of the same deceased person.

The question relating to the power of executors and ad-
ministrators, is so important, as it respects the execution of
their trust, and the community, that it ought to be clearly
defined and understood.

As I did not judge in this case, I think that from the law
and the reasonings of the court upon it, it is clear, that the
several Courts of Probate in this state are invested with com-
plete jurisdiction, within their respective districts; of the
probate of wills, of granting letters of administration, of
appointing guardians to minors, of inventorying and making
distribution of the estates of deceased persons who lived and
died within their respective districts.    That the probate of
wills or letters of administration, under the seal of the Court
of Probate, are a sufficient authority for the executor or ad-
ministrator to collect the debts and to dispose of the personal
estate of the deceased, throughout this state, and the United
States; and what they receive is to be added to the inventory,
and an account thereof rendered to the Court of Probate un-
der whose authority they act, to be settled by him.    They
have also authority to sell real estate, lying at any place
within this state, if necessary, by the order of the Court of
Probate.

Real property lying in another state or jurisdiction must
be proceeded with and disposed of by authority from, and
according to the laws of the state or jurisdiction, in which
such estate lies.    If the estate is solvent, the executor or ad-
ministrator will have very little to do with it, as they cannot
sell it, the heirs or devisees will look after it.    If the estate
is insolvent, then it becomes the interest of the creditors, that
it should be sold for the payment of the debts; and it may be
a question of prudence, upon which the creditors ought to be
consulted, whether the estate will answer the cost of going
after it, of taking out letters of administration, and going
through the forms of law in another state for the purpose of
selling it and turning it into money.

As the executor or administrator is a mere trustee for the
creditors, this ought not to be at his risk and expense, pro-
vided he conducts with discretion, but of the creditors for

whose benefit they act.    The administrator appointed by the court must make his return to the court that appointed him, and settle his administration account there; who will allow out of the avails of the estate what he shall judge to be reasonable for his trouble and expense; and the net proceeds of the estate paid and delivered over into the hands of the original executor or administrator as so much personal estate, which it is their duty to add to the inventory, on which the average shall be made out to the creditors.